FILED

Jan 29 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMELIA FLORES,<br><br>  Petitioner,<br><br>  v.<br><br>THAHESHA JUSINO, Warden,<br><br>  Respondent. | Case No. 22-cv-08922-TSH<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, an inmate at Federal Correctional Institution – Dublin,[1] filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of her sentence. Petitioner has paid the filing fee. The Court ORDERS Respondent to show cause why federal habeas relief should not be granted.

## DISCUSSION

**A.   Standard of Review**

Review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.   Order to Show Cause**

Petitioner pled guilty to conspiracy to commit money laundering and sentenced to a term

---

[1] The Clerk of the Court is directed to substitute Warden Thahesha Jusino in place of the previously named respondent because Warden Jusino is Petitioner's current custodian. *See Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition typically is warden of facility in which petitioner is incarcerated).

of 240 months. Dkt. No. 5 at 5. The operative petition alleges that the federal sentencing court ordered that Petitioner's federal sentence was to run concurrently with her state sentence but the Bureau of Prisons failed to credit Petitioner for the 30 months she spent in state custody. Dkt. No. 5 at 3, 5. Liberally construed, the petition states a cognizable claim for federal habeas relief and merits an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Clerk of the Court is directed to substitute Warden Thahesha Jusino in place of the previously named respondent.

2. The Clerk shall serve electronically a copy of this order upon Respondent and Respondent's attorney, the United States Attorney for the Northern District of California, at the following email addresses: (1) usacan.ecf@usdoj.gov; (2) michelle.lo@usdoj.gov; and (3) kathy.terry@usdoj.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve on Petitioner by mail a copy of this order and a consent or declination to magistrate judge jurisdiction form.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

4. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within

**twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: January 29, 2023

_____
THOMAS S. HIXSON
United States Magistrate Judge